IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. AP-76,234 & AP-76,235




EX PARTE JOHN EDISON LASHER, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. CM-01-192-1 AND CM-01-193-1 
IN THE 278TH JUDICIAL DISTRICT COURT
FROM LEON COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge
of aggravated sexual assault of a child, and one charge of indecency with a child, and originally
received deferred adjudication community supervision. His guilt was later adjudicated, and he was
sentenced to life imprisonment for the aggravated sexual assault, and ten years’ imprisonment for
the indecency charge.
            Applicant contends that he was denied his right to appeal through no fault of his own. His
trial counsel filed a motion to withdraw, and requested that appellate counsel be appointed. The trial
court granted the motion and appointed appellate counsel, but appellate counsel was not notified of
the appointment until the time for filing a notice of appeal had expired. The Tenth Court of Appeals
dismissed Applicant’s appeals as untimely. Lasher v. State, Nos. 10-07-00081-CR & 10-07-00082-CR (Tex. App. – Waco, May 30, 2007). 
            The trial court has determined that Applicant was denied the assistance of counsel during the
period for filing a notice of appeal, through no fault of his own. We find that Applicant did not have
any assistance of counsel during the time for filing a notice of appeal, and therefore he is entitled to
the opportunity to file an out-of-time appeal of the sentences imposed after adjudication of guilt in
Cause Nos. CM-01-192-1 and CM-01-193-1 from the 278th Judicial District Court of Leon County. 
Applicant is ordered returned to that time at which he may give a written notice of appeal so that he
may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated
as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold
that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written
notice of appeal in the trial court within 30 days after the mandate of this Court issues.
 
Delivered: September 30, 2009
Do Not Publish